Ms. Caran Curry Prosecutor Coordinator Suite 750, Tower Building 4th and Center Streets Little Rock, Arkansas 72201
Dear Ms. Curry:
This is in response to staff attorney Bob McMahan's request for an opinion on three questions concerning security officers at the Arkansas State Hospital. Those questions are as follows:
 1. Whether the security officers employed by the Arkansas State Hospital must meet the state minimum standards for law enforcement training?
 2. If these officers must meet those standards, how are those requirements affected by Act 328 of 1967?
 3. If an officer at the Arkansas State Hospital was killed in the line of duty, would his family receive the same compensation as families of other law enforcement officers in the state would receive?
In response to your first question, I have attached a copy of an Attorney General Opinion issued on April 4, 1978. That opinion recommends that the Commission on Law Enforcement Standards make the determination of whether a particular state agency's security force is subject to the requirements of Act 452. By letter dated May 31, 1978, (a copy of which is enclosed) the Commission advised the State Hospital that the Commission deemed the Hospital's security force as coming within the provisions of Act 452. It is my understanding, from a discussion with the present Director of the Commission, however, that a contrary view may now be taken. Resolution of this question should involve a confirmation by the Commission that the security officers at the State Hospital are not covered by the provisions of the Act.
Resolution of your second question is unnecessary, as it is my understanding that the Commission does not now require the officers to meet the standards.
Your third question concerns the entitlement of a State Hospital security officer's family to death benefits if the officer is killed in the line of duty. Such benefits are provided to the families of many law enforcement officials under the authority of A.C.A. 21-5-704 and 705, (Supp. 1987). It is my opinion that the security officers employed at the State Hospital do not come within the enumerated personnel eligible for benefits under the statutes. See also, Opinion No. 89-105, a copy of which is enclosed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.